1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

8
9
10
11
12
13
14
15

CHERIE BALLEW, Individually and
on behalf of others similarly situated,

    Plaintiff,

    v.

MATRIXX INITIATIVES, INC., a
Delaware Corporation, ZICAM, LLC,
an Arizona Limited Liability
Corporation,

    Defendant.

NO.  CV-07-267-RHW

**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

16
17
18
19

Before the Court is Plaintiff's Motion for Class Certification (Ct. Rec.20).  A hearing was held on the motion on September 17, 2008, in Spokane, Washington. Plaintiff was represented by James Danielson and Kevin Bromiley.  Defendants were represented by Jeffry Thomas and Alan Lazarus.

20

**BACKGROUND FACTS**

21
22
23
24
25
26
27
28

On July 19, 2007, Plaintiff filed a putative class action suit on behalf of all Washington consumers in Superior Court in Chelan County, alleging that users of Zicam, a homeopathic, over-the-counter cough/cold remedy, lost their smell and/or taste.  In her complaint, Plaintiff asserts claims under the Washington Consumer Protection Act and Washington Products Liability Act.  Plaintiff is seeking punitive, treble and other damages, reasonable attorneys' fees, and a permanent injunction against Defendants enjoining Defendants from engaging in unfair and deceptive business acts in the state of Washington.

**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION ~ 1**

Defendants removed the action on August 17, 2007, citing federal diversity jurisdiction.

Plaintiff now moves for certification of the class and proposes the following class:

> All individuals who used defendants' Zicam cold remedy product(s) and thereafter suffered any loss of the sense of smell and/or taste since July 17, 2003.

**DISCUSSION**

**A.    Standard of Review**

The parties disagree as to the standard of review that the Court must impose. Plaintiff argues that the Court must take Plaintiff's allegations as true, and that a discussion of the merits of the allegations is inappropriate in deciding a motion for class certification. Relying on *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974), Plaintiff argues that clear case law prohibits the Court from conducting "a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action", relying on *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156 (1974).   Defendants argue that the Court must conduct a "rigorous analysis," relying on *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147 (1982).

While it is true the Court should not expand the Rule 23 certification analysis to include consideration of whether the proposed class is likely to prevail ultimately on the merits, Ninth Circuit precedent has instructed that the Court should not accept the plaintiffs' allegations for purposes of certifying a class in this case. *Gareity v. Grant Thornton, LLP*, 368 F.3d 356 (9th Cir. 2004).

In *Gareity*, the Circuit concluded that the district court erred in that:

> by accepting the plaintiffs' allegations for purposes of certifying a class in this case, the district court failed to comply adequately with the procedural requirements of Rule 23. Rule 23(b)(3) on its face requires the court to "find [ ] that the questions of law or fact common to the members of the class predominate over any questions affecting

**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION ~ 2**

only individual members...." (Emphasis added). In addition, the Rule lists numerous factors for the court to consider in making its "findings." If it were appropriate for a court simply to accept the allegations of a complaint at face value in making class action findings, every complaint asserting the requirements of Rule 23(a) and (b) would automatically lead to a certification order, frustrating the district court's responsibilities for taking a "close look" at relevant matters, *Amchem*, 521 U.S. at 615, 117 S.Ct. 2231, for conducting a "rigorous analysis" of such matters, *Falcon*, 457 U.S. at 161, 102 S.Ct. 2364, and for making "findings" that the requirements of Rule 23 have been satisfied, see Fed.R.Civ.P. 23(b)(3). Moreover, if courts could only consider the pleadings, then "parties would have wide latitude to inject frivolous issues to bolster or undermine a finding of predominance." Robert G. Bone & David S. Evans, *Class Certification and the Substantive Merits*, 51 Duke L.J. 1251, 1269 (2002).

*Id.* at 365.

The Circuit went on to conclude that while an evaluation of the merits to determine the strength of Plaintiff's case is not part of the Rule 23 analysis, the factors spelled out in Rule 23 must be addressed through findings, even if they overlap with issues on the merits and observed:

We must not lose sight of the fact that when a district court considers whether to certify a class action, it performs the public function of determining whether the representative parties should be allowed to prosecute the claims of absent class members. Were the court to defer to the representative parties on this responsibility by merely accepting their assertions, the court would be defaulting on the important responsibility conferred on the courts by Rule 23 of carefully determining the class action issues and supervising the conduct of any class action certified.

*Id.* at 366-67.

It is true that at this stage of the proceedings the Court is not resolving whether Plaintiff can establish that she can prove her case. Rather, the narrow question before the Court is whether, under Fed. R. Civ. P. 23, a class action is a proper vehicle for litigating the products liability claims brought by Plaintiff.

**B.    Fed. R. Civ. P. 23 Requirements**

Fed. R. Civ. P. 23 sets forth the requirements to a class action. Fed. R. Civ. P. 23(a) states:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are

**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION ~ 3**

questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class.

Plaintiff bears the burden of demonstrating that she has met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). *Lozano v. AT&T Wireless Serv., Inc.*, 504 F.3d 718, 724 (9th Cir. 2007).

Plaintiff seeks certification under Rule 23(b)(1), (2), and (3). Thus, in addition to finding that the prerequisites are met, the Court must also find that either:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
> > (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> > (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b).

## C.    Plaintiff's Allegation

At oral argument, Plaintiff indicated that the common question or issue that she seeks to certify the class on is whether zinc gluconate can cause loss of smell and taste in humans. Under this theory, the dosage, frequency of use, method of application, and the medical history of the user does not come into play with respect to class certification. Nor, according to Plaintiff, does it matter which

**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION ~ 4**

1    product was used.[1]

2         The Court should not to certify a class based on this broad, abstract question.

3    *See Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998) ("[I]t is

4    not every common question that will suffice, however; at a sufficiently abstract

5    level of generalization, almost any set of claims can be said to display

6    commonality.").

7         Here, this issue as framed by Plaintiff does not apply specifically to

8    Defendants in that it could apply to any manufacturer who uses zinc gluconate.

9    Nor is it tied to Defendants' conduct.  Answering this question resolves no class

10   member's claim and only invites the difficult question of how to proceed once the

11   question is answered.  Little, if any time or effort will be saved by answering this

12   question in the abstract.  Hypothetically, if this question were presented to the jury

13   and it did, in fact, find that zinc gluconate could cause loss of smell and taste in

14   humans, this finding would basically be useless, unless it was tied to Defendants'

15   method and manner of using zinc gluconate, which, as the Court understands,

16   Plaintiff does not intend to do in the first phase of litigation.

17        A crude analogy would be the common question of whether salt can cause

18   high blood pressure.  A jury finding of yes lends no help to a class action based on

19   any particular product containing salt.  Individual questions of dosage, medical

20

21        [1]There are five Zicam Cold Remedy Products–three taken orally (an oral

22   mist, a chewable, and a rapidmelt); and two nasal gels (one applied with a swab

23   which is smeared just inside the nostril, and the other is applied to the lower nasal

24   cavity with a metered pump).  With respect to the metered pump, there are two

25   types of pump.  The first generation pump (G1) was used between 1999 and 2005

26   and it expelled gel through a single hole actuator nozzle.  The second generation

27   pump (G2) replaced the G1 and it uses a multi-holed actuator called the

28   showerhead.

**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION ~ 5**

1    condition, method of ingestion, etc. would predominate.

2        Plaintiff's attempt to frame the issue in general, abstract terms does not solve

3    the problems of certification that are inherent in a products liability suit, namely,

4    that individual issues predominate over common questions of law or fact.

5    Although the Ninth Circuit has rejected a *per se* rule that would create an absolute

6    bar to class certification for products liability cases based on drugs or medical

7    devices, *see Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1230 (9th Cir. 1996),

8    the Circuit has recognized that there are potential difficulties of "commonality"

9    and "management" inherent in certifying products liability class actions. *Zinser v.*

10   *Accufix Research Instit.*, 253 F.3d 1180, 1186 (9th Cir. 2001).   The Court notes that

11   many courts presiding over similar products liability cases involving prescription

12   drugs have denied requests for class certification.[2]

13

14        [2]*See In re Aredia and Zometa Prods. Liab. Litig.*, 06-MD-1760, 2007 WL

15   3012972 (M.D. Tenn. Oct.10, 2007) (users of intravenous-bisphosphonate drugs

16   seeking dental monitoring for ONJ); *In re Vioxx Prods. Liab. Litig.*, 239 F.R.D.

17   450 (E.D. La. 2006) (recalled prescription pain medication); *In re Prempro Prods.*

18   *Liab. Litig.*, 230 F.R.D. 555 (E.D. Ark. 2005) (menopause drug); *Foster v. St. Jude*

19   *Medical, Inc.*, 229 F.R.D. 599, 604-05 (D.C. Minn. 2005) (heart bypass device);

20   *Zehel-Miller v. Astrazenaca Pharmaceuticals, LP*, 223 F.R.D. 659, 663 (M.D. Fla.

21   2004) (depression drug); *In re Baycol Prods. Litig.*, 218 F.R.D. 197 (D. Minn.

22   2003) (recalled cholesterol drug); *Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262

23   (S.D. Fla. 2003) (recalled over-the-counter dietary supplement); *In re Paxil*, 212

24   F.R.D. 539 (C.D. Cal. 2003) (drug prescribed to treat depression, anxiety and other

25   disorders); *In re Rezulin Prods. Liab. Litig.*, 210 F.R.D. 61 (S.D.N.Y. 2002)

26   (recalled diabetes drug); *In re Propulsid Prods. Liab. Litig.*, 208 F.R.D. 133, 147,

27   (E.D. La. 2002) (GERD drug); *Foister v. Purdue*, No. 01-268-DCR, 2002 WL

28   1008608 (E.D. Ky., February 26, 2002) (denying certification of an OxyContin

**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION ~ 6**

Even if the Court were to accept that Plaintiff's framing of the common question or issue is appropriate, however, Plaintiff has failed to meet the requirements of Fed. R. Civ. P. 23 for class certification.

**D.    Analysis**

    **1.    Fed. R. Civ. P. 23(a)**

        **a.    Numerosity**

In her motion in support of class certification, Plaintiff relies on estimates of the volume of Zican cold remedy products that Mattrixx distributes to Washington state to argue that the joinder of all potential defendant class members is impossible. Plaintiff also provided a document that indicates that between 2004 and 2006, Matrixx received 690 complaints from customers who suffered loss of smell and/or taste after using Zicam cold remedy products. Plaintiff also suggests that, based on the fact that Arizona and Washington have nearly identical populations, it can be estimated that approximately 360 individuals in Washington have claims against Mattrix for loss of sense of smell and/or taste. At oral argument, Plaintiff argued that evidence suggests that there were 35 Washington residents that filed complaints in 2006-07.

The Court finds that this suggested methodology of determining whether it is impractical to join potential plaintiffs is speculative and unreliable and not sufficient to meet Plaintiff's burden under Fed. R. Civ. P 23(a).

---

class), *Gevedon v. Purdue Pharma*, 212 F.R.D. 333 (E.D. Ky. 2002) (denying certification of an OxyContin class); In re Phenylpropanolamine ("PPA") Products Liability Litigation, 208 F.R.D. 625 (W.D. Wash. 2002); *but see In re Diet Drugs Prods. Liab. Litig.,* 1999 WL 673066 (E.D. Pa. Aug. 26, 1999) (conditionally certifying class of diet drug users); *In re Telectronics Pacing Systems, Inc.*, 172 F.R.D. 271 (S.D. Ohio 1997) (certifying class of pacemaker recipients).

1

### b.    Commonality

2    Plaintiff must show that there are questions of law or fact common to the

3    class. Fed. R. Civ. P. 23(a)(2).  Commonality focuses on the relationship of

4    common facts and legal issues among class members. *Dukes v. Wal-Mart,* 509

5    F.3d 1168, 1177 (9th Cir. 2007).  "The existence of shared legal issues with

6    divergent factual predicates is sufficient, as is the common core of salient facts

7    coupled with disparate legal remedies within the class. *Hanlon v. Chrysler Corp.*,

8    150 F.3d 1011, 1019 (9th Cir. 1998).  "The commonality test is qualitative rather

9    than quantitative-one significant issue common to the class may be sufficient to

10    warrant certification." *Dukes*, 509 F.3d at 1177.

11    As discussed above, Plaintiff asserts that the common question is whether

12    zinc gluconate can cause loss of smell and taste in humans.  On one level, this

13    meets the commonality requirement, which arguable has been construed

14    permissively. *See Hanlon*, 150 F.3d at 1019.  However, the Court has not found

15    any case law that found that commonality is met by asserting such a broad, abstract

16    common question, and for the reasons stated above, the Court declines to do so in

17    this case.

18

### c.    Typicality

19    Plaintiff must show that "the claims or defenses of the representative parties

20    be typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).

21    "[R]epresentative claims are 'typical' if they are reasonably co-extensive with

22    those of absent class members; they need not be substantially identical." *Hanlon*,

23    150 F.3d at 1020.  "Typicality requires that the named plaintiffs be members of the

24    class they represent. *Dukes*, 509 F.3d at 1184.  The question the Court must

25    determine, then, is whether the injury allegedly suffered by Plaintiff and the rest of

26    the class resulted from the same alleged conduct. *Id.*

27    As discussed above, Plaintiff attempts to get around the typicality

28    requirement by framing the common question in broad, generalized terms.

**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION ~ 8**

However, the reality is that Plaintiff's claim, based on her use of the G2 applicator, is not typical of potential class members who may have used a different type of applicator or one of the other Zicam products.

### d.    Fairly and Adequately Represent Parties

Rule 23(a)(4) permits certification of a class action only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This factor requires: (1) that the proposed representative plaintiff does not have conflicts of interest with the proposed class, and (2) that the plaintiff is represented by qualified and competent counsel. *Hanlon*, 150 F.3d at 1020. "[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 626 (1997) (citations omitted).

Here, Plaintiff has met the requirement that she is represented by qualified and competent counsel, however, she cannot show that she would not have conflicts of interest with members of the proposed class, specifically, those that used the G1 nasal spray applicator.

### e.    Conclusion

The Court finds that Plaintiff has not established numerosity, commonality, and typicality. As such, her motion for class certification fails. For the sake of completeness, the Court will also address whether Plaintiff can meet Rule 23(b) requirements.

### 2.    Fed. R. Civ. P. 23(b)(1)

(1) prosecuting separate actions by or against individual class members would create a risk of:
>(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION ~ 9**

1   There are two separate provisions under Rule 23(b)(1).[3]  Plaintiff does not

2   indicate under which provision she is seeking certification, but in her motion

3   asserts that this condition is met because bringing these claims as a class will

4   prevent inconsistent decisions.

5       With respect to a claim under Fed. R. Civ. P. 23(b)(1)(A), the phrase

6   "incompatible standards of conduct" refers to the situation where "different results

7   in separate actions would impair the opposing party's ability to pursue a uniform

8   continuing course of conduct." *Zinser*, 253 F.3d at 1193.  Rule 23(b)(1)(A)

9   certification requires more "than a risk that separate judgments would oblige the

10  opposing party to pay damages to some class members but not to others or to pay

11  them different amounts . . ." *Id.*  Certification under 23(b)(1)(A) is not appropriate

12  in an action for damages. *Id.*

13      Here, the Court does not find that Rule 23(b)(1) certification would be

14  appropriate.  If Plaintiff brings an individual products liability suit and others bring

15  individual products liability suits, Defendant will not be hampered in its ability to

16  pursue a uniform continuing course of conduct, because the liability for each of the

17  individual suits will be based on individual issues.  Moreover, Plaintiff's claims are

18  primarily for damages, including treble and punitive damages.

19      **3.    Fed. R. Civ. P. 23(b)(2)**

20      (2) the party opposing the class had acted or refused to act on grounds
        that apply generally to the class, so that final injunctive relief or
21      corresponding declaratory relief is appropriate respecting the class as
        a whole.
22

23      Class certification under Rule 23(b)(2) is appropriate only where the primary

24  relief sought is declaratory or injunctive. *Zinser*, 253 F.3d at 1195.

25

26      [3]Certification pursuant to Rule 23(b)(1)(B) is justified where the case

27  involves a "fund" with a definitely ascertained limit. *Id.*  Plaintiff has not argued

28  that there is a limited fund in this case.

**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION ~ 10**

Here, the primary relief sought is damages, not declaratory or injunctive relief.[4]  Thus, Plaintiff has not met her burden of meeting the requirements of Fed. R. Civ. P. 23(b)(2).

### 4.    Fed. R. Civ. P.23(b)(3)

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:
> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum;
> (D) the difficulties likely to be encountered in the management of the class action.

In order to meet Rule 23(b)(3) requirements, Plaintiff must show both predominance and superiority of a class action claim.  In order to satisfy the predominance test, Plaintiff must show that the adjudication of common issues will help achieve judicial economy.  *Zinser*, 253 F.3d at 1189.  In considering superiority, courts must consider the four factors of Rule 23(b)(3) while focusing on the efficiency and economy elements of the class actions.  *Id.*  Where damages suffered by each putative class member are not large, this factor weighs in favor of certifying a class action.  *Id.* at 1190.

Here, the Court finds that the individual issues involving dosage, frequency of use, method of application, and the medical history of the user predominate over the common issue of whether zinc gluconate can cause loss of taste or smell in humans.  Nor does it appear that a class action suit is a superior method to other

---

[4]In her complaint, Plaintiff indicates that she is seeking a permanent injunction against Defendants enjoining Defendants from engaging in unfair and deceptive business acts in the state of Washington.

**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION ~ 11**

available methods for fairly and efficiently adjudicated products liability claims based on the use of Zicam. Numerous individuals have brought suit to separately adjudicate their claims, including the twenty-one Washington plaintiffs who commenced and resolved litigation in Arizona state court. *Id.* ("[T]he existence of litigation indicates that some of the interested parties have decided that individual actions are an acceptable way to proceed, and even may consider them preferable to a class action."). Defendants report that a total of 92 suits have been filed to date.

**E.    Conclusion**

Plaintiff has failed to meet the requirements of Fed. R. Civ. P. 23(a) and (b). Therefore, class certification is not appropriate.

Accordingly, **IT IS HEREBY ORDERED:**

1.   Plaintiff's Motion for Class Certification (Ct. Rec. 20) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 31st day of October, 2008.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2007\Ballew\deny.cert.wpd

**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION ~ 12**